UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEY F. HOFFMAN,

    Plaintiff,

v.

KEVIN JONES,

    Defendant.

No. 2:15-cv-1526-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion for leave to ask additional interrogatories and admissions. ECF No. 16. Defendant has filed an opposition. ECF No. 17. For the reasons stated hereafter, plaintiff's motion is granted in part.

I.     Legal Standards

Federal Rule of Civil Procedure 33 limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to an extent consistent with Federal Rule of Civil Procedure 26(b)(1) and (2). Fed. R. Civ. P. 33(a). This limitation is based on the recognition that, although interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment . . . ." Advisory Committee Note, 146 F.R.D. 675, 675 (1993). The limitation is designed "not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this type of discovery." *Id.*

1

Rule 26(b)(2) provides that:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "The party requesting additional interrogatories must make a 'particularized showing' as to why additional discovery is necessary." *Waterbury v. Scribner*, 2008 U.S. Dist. LEXIS 53142, 2008 WL 2018432 at *2 (E.D. Cal. 2008) (citing *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

The Federal Rules of Civil Procedure do not establish a numerical limit on requests for admission. Fed. R. Civ. P. 36(a).

II. <u>Analysis</u>

Plaintiff's motion seeks leave of the court to ask defendant thirty interrogatories and an unspecified number of requests for admissions. ECF No. 16 at 1. He argues that this additional discovery is necessary because he is a pro se litigant and is unable to pay for, or conduct a proper deposition. *Id.* Defendant points out that it is unclear whether plaintiff is seeking a total of thirty interrogatories – five over the Rule 33 limit – or an *additional* thirty interrogatories, to a total of fifty-five. ECF No. 17 at 5. Defendant does not object to the former, but does object to the latter. He argues that plaintiff has not made a particularized showing for an additional thirty interrogatories because he has not stated which topics require further interrogational development. *Id.* The argument is well-taken and plaintiff's request for an additional thirty interrogatories – assuming he is making such a request – is denied without prejudice. If plaintiff believes he needs that many additional interrogatories, he may file a renewed motion which describes, in specific terms, why this level of additional discovery is necessary.

/////

With respect to requests for admission, defendant acknowledges that the Federal Rules of Civil Procedure do not prescribe a numerical limit. *Id.* at 4. He notes, however, that plaintiff has already served a total of seventy-five requests for admissions. *Id.* Thus, he requests that the court caution plaintiff that any new requests for admission should not be duplicative of those previously asked and must be relevant as defined by the Federal Rules of Civil Procedure. Plaintiff is so admonished.

III. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for leave to ask additional interrogatories and admissions (ECF No. 16) is GRANTED in part;

2. Plaintiff may propound an additional five interrogatories to a total of thirty and an unlimited number of requests for admission – provided those requests are relevant and non-duplicative;

3. Plaintiff's request for an additional thirty interrogatories – assuming he is making such a request – is denied without prejudice. He may renew this request in conjunction with specific argument as to why these additional interrogatories are necessary; and

4. In light of the foregoing, the deadline for propounding discovery – currently September 29, 2017 (ECF No. 15 at 4) – is extended three weeks from the date of service of this order.

DATED: October 3, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE