UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEY F. HOFFMANN,

    Plaintiff,

v.

KEVIN JONES, et al.,

    Defendants.

No. 2:15-cv-1526-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed three discovery motions – one seeking a sixty day extension of discovery deadlines (ECF No. 19), one seeking issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45 (ECF No. 20), and one to compel discovery (ECF No. 22). Defendant has filed oppositions to each motion. ECF Nos. 23 & 24. For the reasons stated hereafter, plaintiff's motions for extension of discovery deadlines and issuance of subpoenas are denied. His motion to compel is granted in part.

<u>Motions to Extend Discovery Deadlines and Issue Subpoenas</u>

Defendant notes that, although titled a motion to extend discovery deadlines, the substance of this motion is identical to the motion to compel at ECF No. 22. The court has reviewed both filings and agrees. It is unclear if this is a mistake on plaintiff's part.

/////

1

Instead, the argument for extending the discovery deadlines appears in plaintiff's motion to issue subpoenas (ECF No. 20) and the court will address these motions together. Therein, he states that the discovery deadlines should be extended because: (1) he seeks to serve additional interrogatories, requests for production of documents, and requests for admissions on the defendant; (2) to subpoena all documents in the possession of defendant; (3) to depose by written questions four non-party witnesses, namely Gennie McArthur, Jason Langslet, Jeff Utter, and Sergeant Scott Withrow; and (4) to obtain video footage from Lassen County related to dates in April 2015. *Id.* at 5-6. These rationales are unpersuasive.

First, plaintiff has already received an additional three weeks to propound five additional interrogatories, to an overall total of thirty. ECF No. 18. Defendant states that, as of the date his opposition was filed, he has not received any additional interrogatories from plaintiff. ECF No. 23 at 5. And the court informed plaintiff that it would not authorize interrogatories beyond thirty absent a particularized showing as to why those interrogatories were necessary. ECF No. 18. Plaintiff has not made that showing.

Second, defendant notes that he has already responded to plaintiff's request for documents. If plaintiff believes that there are documents that should be provided to him, but have not been, he may raise those arguments in a properly filed motion to compel under Rule 37.

Third, plaintiff has not demonstrated that he has satisfied the requirements for a deposition by written questions under Rule 31. Rule 31(a)(1) provides that a party may depose any person by written questions and compel the deponent's attendance by subpoena. Fed. R. Civ. P. 31(a)(1). A court in this district has explained that:

> Depositions by written questions must be taken pursuant to the procedures set forth under Fed. R. Civ. P. 31. The procedure would involve plaintiff sending out a notice of deposition identifying "(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur." *Lopez v. Horel*, C 06-4772 SI PR, 2007 U.S. Dist. LEXIS 56903, 2007 WL 2177460 n. 1 (N.D. Cal. July 27, 2007) aff'd, 367 F. App'x 810 (9th Cir. 2010). There would then be an opportunity for the parties to exchange written cross-examination questions for the witness, followed by written re-direct questions, and then written re-cross-examination questions. *Id.* The questions would then be sent to the deposition officer who would depose the witness with the scripted

> questions. *Id.* As for an oral deposition, the responses are reported and the transcript prepared by a court reporter. *Id.*

*Pitts v. Davis*, No. 2:12-CV-0823 TLN AC, 2014 U.S. Dist. LEXIS 581, 2014 WL 29723, at *9 (E.D. Cal. Jan. 3, 2014), report and recommendation rejected in part on other grounds, No. 2:12-CV-0823 TLN AC, 2014 U.S. Dist. LEXIS 65379, 2014 WL 2003092 (E.D. Cal. May 12, 2014). Moreover, a deposition by written questions generally carries considerable financial costs. *See Lopez v. Horel*, C 06-4772 SI PR, 2007 U.S. Dist. LEXIS 56903, 2007 WL 2177460, at *2 n.2 (explaining that "[t]he deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not."). Here, plaintiff has not identified a time and place for the deposition, the exact questions for each witness. Nor has he demonstrated an ability to pay for the associated costs, including the fees for a court reporter, the cost of transcribing the deposition, witness fees, and any necessary mileage fees pursuant to Rule 45(b)(1). *Id.* at *2 ("If plaintiff wants to depose [a witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so.").

Fourth, defendant states that the video from April 2015 does not exist. ECF No. 23 at 4. He claims that Lassen County video is only retained for one year and then discarded. *Id.* Thus, plaintiff's pursuit of this video does not warrant extension of the discovery deadlines or issuance of subpoenas.

Based on the foregoing, plaintiff's motion to extend the discovery deadlines and to issue subpoenas is denied.

Motion to Compel

I. <u>Legal Standards</u>

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive

research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

II. Analysis

A. Stay of Summary Judgment

Plaintiff requests that the court stay summary judgment until further discovery can be conducted. ECF No. 22 at 4-5. As defendant points out, neither party has yet moved for summary judgment and the deadline for dispositive motions is not due to elapse until February 23, 2018. ECF No. 24 at 3. Thus, plaintiff's request for a stay of summary judgment is inapposite.

B. Interrogatories

Defendants state that, although plaintiff's motion to compel references interrogatories, none have been served upon them in this case. *Id.* at 4. The court has reviewed plaintiff's declaration and the only attached interrogatories correspond to a different case in this district, specifically *Hoffman v. Jones*, 2:15-cv-1748 EFB P. ECF No. 22-2 at 53. Thus, no responses to interrogatories can be compelled in this case.

C. Requests for Admission and Production

Plaintiff argues that defendant's responses to his requests for admission are "negitivily (sic) afflicted with words such as overbroad, vague, and ambiguous." ECF No. 22 at 12. He claims that defendant's responses to his requests for production are inadequate and that they have "intentionally withheld documents essential to fact finding." *Id.* at 13. These broad arguments are insufficient to support his motion to compel. *See Bazley v. Gates*, No. CIV S-10-1343 LKK EFB, 2012 U.S. Dist. LEXIS 30275, *4-5, 2012 WL 761660 (E.D. Cal. Mar. 7, 2012) ("As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the

information he seeks through discovery is relevant to the prosecution of this action."); *see also Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

### D. Sanctions

Both parties have requested sanctions with respect to this motion. Plaintiff's request is denied insofar as his motion to compel was unsuccessful. *See, e.g., Nalco Chemical Co., v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 617 (E.D. Wis., 1993) (parties appropriately bear own costs where motion to compel was only partially successful).

Defendant's request for sanctions is also denied. In reaching this determination, the court takes note of plaintiff's limited financial means and his layman status. Nonetheless, the court is troubled by plaintiff's combative and frequent use of motions to compel in his cases before this district. *See, e.g.*, *Hoffman v. Jones*, 2:15-cv-1748 EFB P, ECF Nos. 19 & 20. Plaintiff is cautioned that if files additional discovery motions in this case which lack a sufficient legal basis, the court will have no choice but to impose sanctions.

### Conclusion

Based on the foregoing, it is ORDERED that:

1. Plaintiff's Motion for Sixty-Day Extension of Time (ECF No. 19) is DENIED;

2. Plaintiff's Motion for Issuance of Subpoenas Pursuant to FRCP 45 (ECF No. 20) is DENIED;

3. Plaintiff's Motion to Compel (ECF No. 22) is DENIED; and

/////

/////

/////

4. Both parties' requests for sanctions are DENIED.

DATED: November 29, 2017.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE