UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN, | No. 2:15-cv-1526-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| KEVIN JONES, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, against defendant Jones. He has filed a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. ECF No. 63. Alternatively, plaintiff requests appointment of counsel. *Id.*

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Subject to exceptions not applicable here, a plaintiff may voluntarily dismiss an action without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Before plaintiff filed the notice of voluntary dismissal, defendant filed an answer and a motion for summary judgment. ECF Nos. 14 & 34. Therefore, this action cannot be dismissed pursuant to Rule 41(a)(1)(A)(i). However, defendant may stipulate to dismissal pursuant to Rule 41(a)(1)(A)(ii). Should defendant decline to stipulate, the court may dismiss this action based upon plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Accordingly, it is ORDERED that:

1. Plaintiff's request for appointment of counsel (ECF No. 63) is denied; and
2. Defendant shall have seven days to file and serve a stipulation to the dismissal of this action pursuant to Rule 41(a)(1)(A)(ii),[1] or to otherwise respond to plaintiff's request.

DATED: June 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event defendant so stipulates, the court will construe the parties' filings as a stipulation for voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii).

2